639 So.2d 1054 (1994)
Luckner BOURJOLLY, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-1425.
District Court of Appeal of Florida, Third District.
July 12, 1994.
*1055 Luckner Bourjolly, in pro. per.
Robert A. Butterworth, Atty. Gen., for appellee.
Before BARKDULL, HUBBART and BASKIN, JJ.
PER CURIAM.
This is an appeal from the trial court's summary denial of a rule 3.850 motion.
On September 19, 1990, the state charged defendant with first degree murder, robbery, and burglary. On May 2, 1991, defendant plead nolo contendere to second degree murder, robbery, and burglary. No appeal was taken. On December 23, 1993, defendant filed a rule 3.850 motion alleging ineffective assistance of trial counsel. The trial court summarily denied this motion on January 21, 1994.
The trial court correctly denied defendant's motion. Defendant's motion is procedurally barred under rule 3.850. Defendant had until June 2, 1993[1] to file a motion. Defendant has failed to meet that deadline by more than six months.
Defendant attempts to recover from this procedural bar by alleging that he has just now become aware[2] that his trial counsel was ineffective. Specifically, defendant alleges that his trial counsel promised that if defendant would accept the plea bargain he would not serve more than four years in prison. Defendant now alleges that after speaking to prison officials on November 16 or 17, 1993, he became aware that he would be serving more than four years of his forty year sentence. Further, defendant attaches a sworn affidavit by his father in which his father states that defendant's trial counsel promised defendant that he would only serve four years in prison.
On August 5, 1992, defendant filed a motion seeking mitigation of sentence and early release. Defendant cited the imminent death of his father, which has yet to occur, the needs of his younger brothers and defendant's outstanding behavior in prison as reasons to allow him early release. In that motion defendant stated that he had previously sought clarification of his sentence based on a clerical error. Defendant's motion to mitigate sentence was denied without a hearing and that denial was affirmed by this court. Bourjolly v. State, 623 So.2d 870 (Fla. 3d DCA 1993).
Defendant is aware of the true nature of his sentence. His motion to mitigate indicates that he questioned and sought clarification of his sentence in the trial court prior to *1056 August of 1992. Thus, defendant was, or by the exercise of due diligence should have been, aware of the true nature of his sentence prior to his alleged discovery in November of 1993.
Since defendant was aware of the true nature of his sentence prior to August of 1992 this 3.850 motion is untimely and the trial court's summary denial is affirmed.
Affirmed.
NOTES
[1] No motion shall be considered if filed more than two years after judgment and sentence become final. See Fla.R.Crim.P. 3.850(b). Defendant's sentence became final thirty days after the trial court accepted his plea.
[2] Rule 3.850 motions are subject to a discovery rule. Thus, if a movant alleges facts which were unknown and could not have been ascertained by the exercise of due diligence movant may avoid the two year limitation. See Fla.R.Crim.P. 3.850(b)(1).